Filed 3/11/24  P. v. Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079536 |
| v. | (Super.Ct.No. FVA1001628) |
| MATTHEW BOEMAN WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Reversed and remanded with directions.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn A. Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2011, Matthew Boeman Williams pled guilty to voluntary manslaughter and assault with a deadly weapon and admitted a firearm use enhancement. In 2022, he filed a petition to vacate his manslaughter conviction under former Penal Code section 1170.95 (undesignated statutory references are to this code), now codified as section 1172.6. The trial court found that Williams was the actual shooter and denied the petition without issuing an order to show cause.

Williams argues that the trial court's determination that he was the actual shooter required the court to engage in improper factfinding at the prima facie stage. The People concede that the court erred because there is nothing in the record of conviction precluding relief as a matter of law. We agree. Accordingly, we reverse the order denying the petition and direct the court to issue an order to show cause.

BACKGROUND

According to the preliminary hearing transcript, police officers located three different caliber shell casings from three different firearms after a shooting at a graduation party. Three people were shot, including one victim who died from her wounds. Williams told the police "that he thought one of his bullets may have killed the girl[.]"

By information filed in 2011, the People alleged that Williams "did unlawfully, and with malice aforethought murder [the victim]." (§ 187, subd. (a), count 1.) The information further alleged three counts of attempted willful, deliberate, and premeditated murder (§§ 187, 664, counts 2-4.) As to counts 1 and 4, the People alleged that Williams personally used a firearm, that he personally and intentionally discharged a firearm, and

2

that he personally and intentionally discharged a firearm causing death or great bodily injury (§ 12022.53, subds. (b), (c) & (d)).  As to counts 2 and 3, it was alleged that he personally used and personally and intentionally discharged a firearm (§ 12022.53, subds. (b) & (c)).

Williams pled guilty to voluntary manslaughter and admitted the personal use of a firearm in the commission of that offense (§§ 12022.5, 192, subd. (a), count 5).  He also pled guilty to assault with a firearm (§ 245, subd. (a)(2), count 6).  Williams was sentenced to the agreed term of 21 years in state prison, including the upper term of 11 years for count 5 and the upper term of 10 years for the firearm use enhancement.  A concurrent three-year term was imposed for count 6.  Pursuant to the parties' agreement, the remaining counts and allegations were dismissed.  On the plea agreement form, Williams initialed the box next to the statement that he "freely and voluntarily enter[ed] the plea(s) of guilty/no contest [and admission(s)] . . . [¶] [b]ecause as a result of plea bargaining after discussing with [his] attorney the possibility of [his] being convicted on other more serious charges and/or risking the possibility of a longer sentence."  He did not initial the box next to the statement that he entered his plea "[b]ecause [he was] guilty (and for no other reason)."  The record contains the court's finding that there was a factual basis for Williams's guilty pleas and admission but provides no further information.

In 2022, after enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), Williams filed a petition for resentencing under former section 1170.95.  He attested that (1) a charging document was filed against him that allowed the prosecution

3

to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he accepted a plea offer in lieu of a trial at which he could have been convicted under one of those theories, and (3) he could not now be convicted of murder because of the changes made to sections 188 and 189 by Senate Bill 1437. Neither party filed a written brief regarding the petition.

At the prima facie hearing, the trial court denied the petition without issuing an order to show cause. As the basis for its ruling, the court stated: "For the record, I have reviewed the preliminary hearing transcript as well as the charging document in regards to the Information in which the defendant was actually charged with murder with a personal discharge and intentional discharge causing death to the victim in this matter.

"In regards to my review of the preliminary hearing transcript, it does indicate that the defendant was the actual shooter, and also, he did get engaged in a plea bargain agreement in which he pled guilty to voluntary manslaughter and admitted to a personal use of a firearm within the meaning of 12022.5.

"So based on my review of both the charging document and the preliminary hearing transcript, the defendant or petitioner was the actual shooter and has not made a prima facie showing that he does not fall within the new laws involving murder, attempted murder, or manslaughter."

Defense counsel objected to the court's consideration of the preliminary hearing transcript absent a showing Williams stipulated to it as a factual basis for his plea. The court noted that it had not considered any Proposition 115 testimony included in the

preliminary hearing transcript but did consider Williams's admission to law enforcement that he was the actual shooter.

## DISCUSSION

Williams argues, and the People agree, that the trial court erred by denying his petition without issuing an order to show cause, because he stated a prima facie case for relief. He argues that the court erred by finding him ineligible for relief on the basis of the transcript of the preliminary hearing. We agree.

Murder is an unlawful killing of a human being "with malice aforethought." (§ 187, subd. (a).) Although malice is an element of murder, prior law allowed defendants who did not act with malice to be liable for murder under certain circumstances. Under the natural and probable consequences doctrine, an aider and abettor of a confederate committing a crime (the target offense) is liable for other crimes committed by the confederate if those other crimes were the natural and probable consequence of the target offense. (*People v. Basler* (2022) 80 Cal.App.5th 46, 54 (*Basler*).) "'Thus, under prior law, if the direct perpetrator of the target offense committed murder, and the murder was a natural and probable consequence of the target offense, then an aider and abettor of the target offense would be liable for the murder even if the aider and abettor did not act with malice.'" (*Ibid*.)

Prior law also provided that "'anyone who commits or attempts to commit a felony listed in section 189, subdivision (a), in which a death occurs is liable for first degree murder.'" (*Basler*, *supra*, 80 Cal.App.5th at p. 54.) Here too, "'prior law allowed for murder liability without malice—a principal in an enumerated felony that resulted in

5

death would be liable for first degree murder even if the principal did not act with malice.'" (*Ibid*.) "'The felony-murder rule makes a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state.' [Citation.]" (*People v. Bryant* (2013) 56 Cal.4th 959, 965.)

That was the state of the law in 2011, when Williams pled guilty. However, in 2014, the Supreme Court held that "an aider and abettor may not be convicted of first degree *premeditated* murder under the natural and probable consequences doctrine." (*People v. Chiu* (2014) 59 Cal.4th 155, 158-159 (*Chiu*), superseded by statute as stated in *People v. Lewis* (2021) 11 Cal.5th 952, 959, fn. 3 (*Lewis*).) But the court continued to allow defendants to be convicted of second degree murder under the natural and probable consequences doctrine. (*Chiu*, at p. 166.)

"Senate Bill 1437 narrowed the scope of liability for first and second degree murder by altering the doctrines that had allowed convictions for those offenses in the absence of malice. Effective January 1, 2019, Senate Bill 1437 made that change by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, §§ 2-3.)" (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 917.)

Section 188 now provides that, except for first degree felony murder, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 188's requirement that a principal act with malice

6

eliminates all murder liability under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 839, superseded by statute on other grounds.)

As amended, section 189 limits the first degree felony murder rule by imposing new requirements for its application. The statute provides that, unless the victim is a peace officer killed in the line of duty, "a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless he or she 'was a major participant in the underlying felony and acted with reckless indifference to human life.'" (*People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review dism. Dec. 1, 2021, S266336.)

Senate Bill 1437 also created a mechanism for retroactive application of amended sections 188 and 189 to certain defendants convicted of murder under prior law. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 232 (*Rivera*).) Section 1172.6 allows any person convicted of manslaughter to file a petition with the sentencing court to vacate the conviction and to be resentenced on any remaining counts when the following conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or

attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

Upon the filing of a facially sufficient petition, the trial court must appoint counsel for the petitioner if requested and must determine whether the petitioner has made a prima facie showing of eligibility for relief. (§ 1172.6, subds. (b)(3) & (c); *Lewis*, *supra*, 11 Cal.5th at pp. 960, 962-965.) In conducting the prima facie review, the court may consider the record of conviction but should not engage in factfinding, weigh the evidence, or reject the petition's allegations on the basis of adverse credibility determinations. (*Lewis*, at pp. 970-972, 974.) "'"[T]he court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Id*. at p. 971.) If the record of conviction "'"contain[s] facts refuting the allegations made in the petition,"'" then the court may reject those allegations. (*Ibid*.)

Williams argues, and the People agree, that the trial court's decision to deny his petition without issuing an order to show cause was erroneous and must be reversed. We agree.

The trial court denied Williams's petition because "based on [its] review of both the charging document and the preliminary hearing transcript, the defendant or petitioner was the actual shooter and [did] not [make] a prima facie showing that he [did] not fall within the new laws involving murder, attempted murder, or manslaughter." We independently review the trial court's determination that Williams failed to make a prima

8

facie showing under section 1172.6. (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113.) We agree with Williams and the People that the trial court's reasoning was erroneous.

Williams's petition contained all of the required allegations under section 1172.6, subdivision (a)(1)-(3). The court had to assume the truth of those allegations unless the record of conviction contained facts refuting them.

The information alleged murder with malice aforethought and willful, deliberate, and premeditated attempted murders, all of which allowed the People to proceed on any theory of murder or attempted murder. (See § 1172.6, subd. (a)(1); *People v. Davenport* (2021) 71 Cal.App.5th 476, 484 (*Davenport*) ["'The allegation that a murder was committed "'willfully, unlawfully, and with malice aforethought'"' is a well-recognized way of charging murder in [a] generic sense,'" which "does 'not limit the People to prosecuting [defendant] on any particular theories'"].) Accordingly, Williams could have been convicted of murder under the natural and probable consequences doctrine, the felony murder rule, or another theory in which malice is imputed. Consequently, the information did not render Williams ineligible for relief under section 1172.6 as a matter of law.

Nothing about Williams's plea established that he was ineligible for relief either. The court noted that the information charged Williams "with murder with a personal discharge and intentional discharge causing death to the victim in this matter." But those were just allegations. Williams pled guilty to only voluntary manslaughter and assault with a deadly weapon. He did not admit to any specific theory of murder or attempted

9

murder when he pled guilty.  (See § 1172.6, subd. (a)(2); *People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*) ["In entering his plea, petitioner did not admit to or stipulate to any particular theory of murder.  Neither the charge nor the plea excludes petitioner from resentencing eligibility as a matter of law."].)

Moreover, Williams's admission to the personal use of a firearm under section 12022.5, subdivision (a), does not conclusively establish that he was ineligible for relief.  (See *People v. Jones* (2003) 30 Cal.4th 1084, 1120 ["The finding of personal use, however, [does] not in itself prove defendant was the actual killer."].)  He did not admit that he was the only shooter, that one of the bullets from his gun struck the victim, or that he intended to shoot the victim.

Williams argues that the court's consideration of the preliminary hearing testimony, "absent an admission the testimony is true or a stipulation that the transcript provides a factual basis for the plea, involves judicial factfinding not appropriate at the prima facie review stage."

There is a split of authority regarding the extent to which facts described in testimony at the preliminary hearing can be used to refute the allegations of a section 1172.6 petition on prima facie review.  (Compare *Rivera*, *supra*, 62 Cal.App.5th at pp. 226, 238; and *Flores*, *supra*, 76 Cal.App.5th at p. 991; with *Davenport*, *supra*, 71 Cal.App.5th at p. 481; *People v. Patton* (2023) 89 Cal.App.5th 649, 658, review granted June 28, 2023, S279670; and *People v. Pickett* (2023) 93 Cal.App.5th 982, 992, review granted Oct. 11, 2023, S281643.)  In this case we need not take a position on that split, because the transcript of the preliminary hearing does not establish that Williams was the

10

actual killer or that he acted with malice. An officer testified that Williams admitted that he had "fired a weapon, but that that was in response to firing coming at him[,]" and "he thought one of his bullets may have killed the girl." Other testimony showed, however, that there were "two, possibly three other guns involved in this shooting" and that any of those weapons could have fired the bullet that caused the victim's wounds. Therefore, as the People concede, the preliminary hearing transcript does not conclusively establish as a matter of law that Williams was the actual killer or that he acted with malice.

We conclude that Williams's petition states a prima facie case for relief and that the record of conviction does not refute his allegation that he is eligible for relief. The trial court therefore erred by denying the petition without issuing an order to show cause.

DISPOSITION

The order denying Williams's section 1172.6 petition is reversed. The case is remanded to the trial court with directions to issue an order to show cause under subdivision (c) of section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
ACTING P. J.

RAPHAEL
J.

11